UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYNN LEON HUFFMAN, JR.,<br><br>Petitioner,<br>v.<br>RENEE BAKER, et al.,<br><br>Respondents. | Case No. 3:18-cv-00356-HDM-WGC<br><br>ORDER |

Petitioner Lynn Leon Huffman, Jr. has submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus (ECF No. 1-1). His application to proceed in forma pauperis is granted. It appears from the petition that it may be subject to dismissal as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). Petitioners whose convictions became final before the April 24, 1996 enactment of AEDPA's statute of limitations had one year from that date to file their federal petitions. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 412, n.2 (2005).

Here, Huffman states that he wishes to challenge a 1986 Nevada state judgment of conviction (ECF No. 1-1, pp. 1). The Nevada Court of Appeals online docket reflects

1

that in June 2018, it affirmed the denial of a state postconviction petition filed by Huffman as procedurally barred because it was untimely and successive. Nevada Court of Appeals Case No. 69957. The court of appeals noted that Huffman had filed that state petition 23 years after the conclusion of his direct appeal. *Id.* It appears that the AEDPA one-year limitations period expired many years ago.

Huffman may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Out of an abundance of caution, the petitioner will be given the opportunity to show that either this federal petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed in forma pauperis (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that he is entitled to equitable tolling, the court will enter an order dismissing the petition.

DATED: 22 October 2018.

*Howard D. McKibben*
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE