UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYNN LEON HUFFMAN, JR.,<br><br>       Petitioner,<br> v.<br>RENEE BAKER, et al.,<br><br>       Respondents. | Case No. 3:18-cv-00356-HDM-WGC<br><br>ORDER |

Petitioner Lynn Leon Huffman, Jr.'s *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus is before the court on his response to this court's show-cause order as to why the petition is not subject to dismissal as time-barred (ECF No. 4). As discussed below, the petition is dismissed as untimely.

In his response to the show-cause order, Huffman acknowledges that he was convicted in 1986. He does not allege that the petition is timely, and his response is silent with respect to equitable tolling. He does not set forth any factual allegations that might explain the long delay in filing his federal petition or any facts to demonstrate that he diligently pursued his rights and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Huffman has failed to meet his burden to demonstrate that he is entitled to equitable tolling of the one-year limitations period.

1

Huffman also argues that he is actually innocent of first-degree murder with a deadly weapon (ECF No. 12, p. 10). A convincing showing of actual innocence may enable habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims. *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006). In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." 133 S.Ct. 1924, 1928 (2013). The Court emphasized that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*; quoting *Schlup*, 513 U.S., at 329; *see House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met). In assessing a *Schlup* gateway claim, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S. at 332; *McQuiggin*, 133 S.Ct. at 1936 ("[f]ocusing on the merits of a petitioner's actual-innocence claim and taking account of delay in that context, rather than treating timeliness as a threshold inquiry, is tuned to the rationale underlying the miscarriage of justice exception–*i.e.*, ensuring that federal constitutional errors do not result in the incarceration of innocent persons" (internal quotations and citations omitted).

Here, Huffman offers no basis whatsoever for his bare assertion of actual innocence. He apparently seeks to argue his innocence based on the so-called Kazalyn instruction on premeditation and deliberation that was given at his trial. In *Byford v. State*, 994 P.2d 700, 713 (Nev. 2000), the Supreme Court of Nevada concluded that the "Kazalyn instruction" "blur[red] the distinction between first- and second-degree murder" by not sufficiently distinguishing between the distinct elements

2

of deliberation and premeditation. However, with respect to an innocence claim, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Huffman's complaint about the jury instruction asserts a legal insufficiency, but does not establish that he is actually innocent of murder.

In any event, federal courts have held that the use of the improper Kazalyn instruction does not implicate federal constitutional rights with respect to convictions that were final before *Byford* was decided in 2000. *See, Moore v. Helling*, 763 F.3d 1011, 1021 (9th Cir. 2014); *see also Bunkley v. Florida*, 538 U.S. 835 (2003),

Huffman's claim of actual innocence fails. His federal petition is untimely, and he has failed to demonstrate any basis for equitable tolling or to excuse the statute of limitations. Accordingly, this petition is dismissed with prejudice as untimely.

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH** and **FILE** the petition (ECF No. 1).

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** with prejudice as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: November 5, 2018.

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE